## ROWSEY et al. v. WITCHER et al.

No. 18593.   Opinion Filed Oct. 2, 1928.

P. L. Long, for plaintiffs in error.

Wash E. Hudson and Norma Wheaton, for defendants in error.

HEFNER, J.  W. A. Rowsey and others, as plaintiffs, brought this suit in the district court of Tulsa county against John Witcher and others, as defendants, alleging that the defendant John Witcher was the owner or was in possession of lot 1, block 5, Oliver addition to the city of Tulsa; that the defendants were moving or about to move a certain house into said addition; that the value of the house was less than $3,500; that defendants were about to breach a restriction covenant covering said addition to the effect that no house should be erected at a less cost than $3,500. Upon the filing of the original petition, the court issued a temporary restraining order enjoining the defendants from moving the house on the lot. The court overruled a motion to dissolve the temporary restraining order and issued an order allowing a temporary injunction.

In his answer, the defendant John Witcher admitted he was the purchaser of the lot and had begun an excavation for the purpose of building a foundation and basement for a residence which he desired to erect. He further alleged that he had purchased the house to be moved thereon and that the house was built of the best material and was at that time worth a sum far in excess of $3,500, and that when it was completed the same would be worth not less than $5.000 and would more than comply with the building restrictions in said addition.

On the trial of the case, after the plaintiffs had introduced their evidence, the defendants interposed a demurrer thereto, which was sustained by the court.

The only question presented for determination is whether the court erred in sustaining the defendants' demurrer to the evidence of the plaintiffs.

The demurrer admits the truthfulness of all of the evidence offered in behalf of the plaintiffs. It is also admitted that it was against the building restrictions in said ad-

dition to erect a house at a less cost than $3,500.

W. T. Zeigenhain, on behalf of the plaintiffs, testified that the defendants agreed to put a new shingle roof on the house, to paint it with one or two coats of paint and to repair and redecorate the interior where necessary, and that they agreed that was all that was necessary to be done to the house in order to bring it up to the building restrictions. Mrs. Oliver, as a witness for the plaintiffs, testified that the defendants stated they intended to bring the house up to restrictions, but that they didn't say they would do anything to it other than put on a new roof, paint it, and redecorate it. Mr. G. D. Rusmisel, one of the plaintiffs, testified that he had a conference with John Witcher, one of the defendants, and that the defendant told him he was going to put a roof on the house and do the things that he considered necessary to the house and on the inside of the house to bring it up to restrictions. Other witnesses testified, in substance, that if the house were remodeled and put in good condition, it would comply with the building restrictions.

In an equity case, where the defendant has demurred to the testimony of the plaintiff and the court has rendered judgment for the defendant after weighing the evidence, the judgment of the trial court will not be reversed unless against the clear weight of the evidence. Penny v. Vose, 108 Okla. 103, 234 Pac. 601.

In this case we do not think the judgment is against the clear weight of the evidence, and it is accordingly affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.